UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

JAMES E WALKER,

    Plaintiff,

v.

ERIC ARNALD,

    Defendant.

Case No. 5:19-cv-03526-EJD

**ORDER GRANTING MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS AS UNTIMELY**

Re: Dkt. No. 22

Petitioner James E. Walker filed this action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent filed a motion to dismiss arguing that the petition for writ of habeas corpus is time barred and procedurally defaulted. *See* Motion to Dismiss Habeas Corpus Petition as Untimely ("Mot."), Dkt No. 22. Petitioner has filed an opposition ("Opp."), to which Respondent has replied ("Reply"). *See* Dkt. Nos. 26, 27. For the reasons set forth below, the Court **GRANTS** Respondent's motion to dismiss.

**I.     BACKGROUND**

Petitioner is a state prisoner in the custody of the California Department of Corrections and Rehabilitation at Solano State Prison. On September 22, 2004, Petitioner withdrew his initial plea of not guilty, and entered a plea of no contest to two counts of spousal abuse, assault with a firearm, and false imprisonment, arising from four separate incidents in which his wife was the victim. Mot., Ex. A at 2-3. Petitioner admitted personally inflicting great bodily injury on his wife in connection with the spousal abuse counts, having served a prior prison term, and having four strikes recorded for purposes of California's Three Strikes sentencing law. *Id*. On January 20, 2005, the Santa Clara County Superior Court held a sentencing hearing in Petitioner's case. After the court heard and denied Petitioner's Romero Motion to strike his prior "strike"

Case No.: 5:19-cv-03526-EJD
ORDER GRANTING MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS AS UNTIMELY

1

convictions, the court sentenced Petitioner to the aggregate, indeterminate term of 108 years to life in prison. *Id.* at 3; *see also* Petition for Writ of Habeas Corpus, Dkt. No. 1 Ex. A ("January 20, 2005 Sentencing Hearing Transcript") at 10.  The sentence consisted of four consecutive terms of 25 years to life in prison on the underlying counts and four consecutive years on each of the two great bodily injury enhancements pursuant to California state sentencing enhancement provisions. Mot., Ex. A at 3.

The following procedural background is undisputed:

Petitioner filed a timely notice of appeal with the California Court of Appeal affirming the judgment on July 20, 2006.  *See* Mot., Ex. A.

On August 29, 2006, Petitioner filed a petition for review in the California Supreme Court. The California Supreme Court denied review on October 11, 2006.  Mot., Ex. B (Docket of California Supreme Court, S126162).

On June 9, 2008, Petitioner filed a petition for writ of habeas corpus in the California Court of Appeal.  The petition was denied by the court of appeal on June 11, 2008.  Mot., Ex. C (Docket of California Court of Appeal, A121738).

Petitioner then filed a petition for writ of habeas corpus in the San Mateo County Superior Court on September 5, 2017.  The superior court denied the petition on January 24, 2018.  Petition for Writ of Habeas Corpus at 12, 64-65.

On March 29, 2018, Petitioner filed another petition for writ of habeas corpus in San Mateo County Superior Court. The superior court denied the petition on June 26, 2018.  *Id*. at 60-61 (June 26, 2018 Order of Denial).

On August 3, 2018, Petitioner filed a petition for writ of habeas corpus in the California Court of Appeal.  The court of appeal denied the petition on August 29, 2018.  Mot., Ex. D (Docket of California Court of Appeal, A154957).

On October 9, 2018, Petitioner filed a petition for writ of habeas corpus in the California Supreme Court.  The California Supreme Court denied the petition on March 20, 2019.  Mot., Ex.

1   E (Docket of California Supreme Court, S251818).

2       Petitioner then filed the instant federal petition for writ of habeas corpus on June 19, 2019.
3   Petitioner raises five grounds of relief: (1) improper sentencing increase by facts not found by a
4   jury; (2) failure to dismiss strike enhancements; (3) ineffective assistance of counsel related to a
5   no contest plea not made knowingly and intelligently; (4) that the sentence constitutes cruel and
6   unusual punishment; and (5) that the cumulative effect of the previous errors prejudiced him.

7   **II.   DISCUSSION**

8       **A.   Overview**

9       The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") became law on
10  April 24, 1996, and imposed for the first time on state prisoners a one-year statute of limitations
11  for filing federal petitions for a writ of habeas corpus.  In relevant part, § 2244(d)(1)(A) requires
12  state prisoners challenging non-capital state convictions or sentences to file their habeas petitions
13  within one year of the latest of the date on which the judgment became final after the conclusion
14  of direct review or the time passed for seeking such direct review.  28 U.S.C. § 2244(d)(1)(A).
15  With respect to subsection (A), "direct review" concludes upon the United States Supreme Court's
16  denial of certiorari review of a state court conviction, or upon the expiration of the time for filing a
17  petition for certiorari review in the United States Supreme Court.  *Bowen v. Roe*, 188 F.3d 1157,
18  1159 (9th Cir. 1999); *see also Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002) (where
19  petitioner did not file petition for certiorari, his conviction became final ninety days after
20  California Supreme Court denied review);

21      Here, the California Supreme Court denied review of Petitioner's case on October 11,
22  2006.  Mot., Ex. B.  Petitioner did not petition for certiorari in the United States Supreme Court
23  and thus, his case became final 90 days later on January 9, 2007.  *See Bowen*, 188 F.3d at 1158.
24  Therefore, the limitations period began running on January 9, 2007, giving petitioner until January
25  9, 2008 to file his federal petition for writ of habeas corpus.  *See Patterson v. Stewart*, 251 F.3d
26  1243, 1246 (9th Cir. 2001).  The instant petition, filed on June 9, 2019, is untimely absent tolling.

27  Case No.: 5:19-cv-03526-EJD
28  ORDER GRANTING MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS AS UNTIMELY

United States District Court
Northern District of California

Petitioner concedes that he did not file the instant petition within the statutory period and thus, is not entitled to statutory tolling. Opp. at 3. However, Petitioner contends he is entitled to equitable tolling because both his trial and appellate attorneys did not provide him with the Santa Clara County Superior Court's transcript from his January 20, 2005 sentencing hearing or his plea agreement after many requests. *Id*. at 4. For Petitioner, this "professional misconduct" created an extraordinary circumstance which he argues entitles him to equitable tolling. *Id*. Thus, the Court now considers whether Petitioner is entitled to relief from AEDPA's one-year statute of limitations based on the equitable tolling doctrine.

### B. Standard for Equitable Tolling

The Supreme Court has determined that AEDPA's statute of limitations is not jurisdictional and is therefore subject to equitable tolling in appropriate cases. *Holland v. Florida*, 560 U.S. 631, 645 (2010). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999). However, equitable tolling is unavailable in most cases because extensions should be granted only if "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time*.*" *Calderon v. United States Dist. Court (Beeler)*, 128 F.3d 1283, 1288 (9th Cir. 1997) (internal quotations omitted), *overruled in part on other grounds by Calderon v. United States Dist. Court (Kelly)*, 163 F.3d 530 (9th Cir. 1998) (en banc). The party seeking equitable tolling bears the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way," preventing timely filing. *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). With respect to the first element, the diligence required to establish entitlement to equitable tolling is "reasonable diligence." *Holland*, 560 U.S. at 653. As to the second element, a prisoner must show a causal connection between the grounds upon which he asserts a right to equitable tolling and his inability to timely file a federal habeas application. *See Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir.

Case No.: 5:19-cv-03526-EJD
ORDER GRANTING MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS AS UNTIMELY

4

2003) (petitioner must show that extraordinary circumstances were the cause of his untimeliness).

Whether equitable tolling is appropriate turns on an examination of detailed facts. *Lott v. Mueller*, 304 F.3d 918, 923 (9th Cir. 2002). "[T]he threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (quoting *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000)). At the same time, "[r]ather than let procedural uncertainties unreasonably snuff out a constitutional claim, the issue of when grave difficulty merges literally into 'impossibility' should be resolved in [a petitioner's] favor." *Lott*, 304 F.3d at 925.

### C. Analysis

To the extent Petitioner attempts to argue that the statute of limitations period should have been equitably tolled while he obtained the January 20, 2005 sentencing hearing transcript and a copy of his plea agreement from his trial and appellate counsel, that argument fails. Specifically, Petitioner claims that he requested that his trial attorney provide the documents on at least four separate occasions from 2006-2016. Opp., Declaration of James Walker ¶ 4. Petitioner also asserts that he requested that his appellate attorney provide him with the documents on two occasions but that "she refused to answer." *Id*. ¶ 7. Moreover, Petitioner claims that on two separate occasions between 2007 and 2010, he wrote to the San Mateo County Superior Court requesting the documents but that "he never received a response." *Id*. ¶ 8. Finally, Petitioner asserts that he asked his "correctional counselors" for the documents at a point of incarceration between 2006 and 2018, but "to no avail." *Id*. ¶ 9. Petitioner claims he did not receive the sentencing hearing transcript and a copy of his plea agreement until 2018, when he contacted the prison "Record Analyst," who provided the documents "[w]ithin a week after forwarding [his] inquiry." *Id*. ¶ 12. Once he received the documents, Petitioner declares that he filed a petition for writ of habeas corpus in the San Mateo County Superior Court. *Id* ¶ 14.

Although in certain circumstances a lack of access to legal resources may be an extraordinary circumstance warranting equitable tolling, *see, e.g., Lott v. Mueller*, 304 F.3d at 924-25, the Court

finds that Petitioner's allegations that he could not obtain a copy of his plea agreement or sentencing hearing transcript from his counsel or the superior court are inadequate to justify equitable tolling of AEDPA's limitations period for more than eleven years.  First, Petitioner does not explain what information he needed from the sentencing hearing transcript or his plea agreement to prepare his federal petition for writ of habeas corpus.  In fact, the nature of Petitioner's claims is such that he would have known the important facts supporting his claims at the moment the judge denied his Romero Motion and when the judge imposed the unexpected sentence that was more than what Petitioner believed his counsel had discussed with him when reviewing his plea agreement.  At the sentencing hearing on January 20, 2005, Petitioner was present and was given an opportunity to make a statement on the record before he was sentenced.  January 20, 2005 Sentencing Hearing Transcript at 18.  The judge went charge by charge and stated the sentence she imposed for each crime and the rationale for why she was imposing the sentence that she did.  *Id*. at 20-22.

If Petitioner's account is true that his counsel was not truthful about the terms of the plea agreement, he knew on January 20, 2005, that he had not received the sentence that he believed he had agreed to.  Plaintiff has not explained why, armed with such knowledge, it took him more than eleven years after his conviction was affirmed to file his federal petition for writ of habeas corpus.  The sentencing hearing transcript and plea agreement were not necessary for Petitioner to file a federal petition for writ of habeas corpus as, "petitioners are not required by 28 U.S.C. § 2254 or the Rules Governing § 2254 Cases to attach to their petitions, or to file separately, state-court records," unless they challenge the sufficiency of the evidence.  *Pliler v. Ford*, 542 U.S. 225, 232 (2004); *see United States v. Battles*, 362 F.3d 1195, 1196–99 (9th Cir. 2004) (expressing doubt that counsel's delay in turning over a full set of transcripts actually prevented petitioner from meeting the statute of limitations); *Lloyd v. Yanatta*, 296 F.3d 630, 634 (7th Cir. 2002) ("equitable tolling does not excuse [petitioner's] late filing simply because he was unable to obtain a complete trial transcript before he filed his § 2254 petition").

Additionally, it does not appear to the Court that Petitioner was reasonably diligent in

Case No.: 5:19-cv-03526-EJD
ORDER GRANTING MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS AS UNTIMELY

pursuing his rights. Petitioner can point to only 6 requests made to his trial and appellate counsel from 2005 to 2016 for the documents. Petitioner only made two requests to the San Mateo Superior Court between 2007 to 2010 and one request to his "correctional counselors" at an unspecified time. Rather than review his requests immediately, Petitioner made sporadic requests over the course of his incarceration. Coming as they did after many years of inactivity; these requests are insufficient to show that Petitioner was diligently pursuing his rights.

Therefore, Petitioner has not shown that, despite his own diligence, "the hardship caused by lack of access to his materials was an extraordinary circumstance" that resulted in the untimeliness of his petition. *Waldron–Ramsey v. Pacholke*, 556 F.3d 1008, 1013 (9th Cir. 2009) (holding that petitioner was not entitled to equitable tolling for alleged deprivation of access to his legal materials where he did not point to any specific instance in which he needed a particular document and could not procure it). Petitioner is thus not entitled to equitable tolling of the statute of limitations and his petition must be dismissed as untimely.

Further, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c). This is not a case in which "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

### III. CONCLUSION

For the foregoing reasons, the instant petition for writ of habeas corpus is barred by AEDPA's one-year statute of limitations. The Court **GRANTS** Respondent's motion to dismiss and **DISMISSES** the petition with prejudice. The Clerk shall enter judgment in favor of Respondent and close the file.

**IT IS SO ORDERED**

Dated: March 19, 2021

EDWARD J. DAVILA
United States District Judge

Case No.: 5:19-cv-03526-EJD
ORDER GRANTING MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS AS UNTIMELY

7